## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HEATHER MARKLE & TERESA** | **:** | |
| **WHEELER**, on behalf of themselves | **:** | **CASE NO. 5:23-cv-11461** |
| and others similarly situated, | **:** | |
| | **:** | |
| | **:** | **JUDGE** |
| Plaintiffs, | **:** | |
| | **:** | |
| | **:** | **MAGISTRATE JUDGE** |
| v. | **:** | |
| | **:** | **JURY   DEMAND   ENDORSED** |
| **SENIOR VILLAGE** | **:** | **HEREON** |
| **MANAGEMENT, LLC**, | **:** | |
| | **:** | |
| Defendant. | **:** | |

## PLAINTIFFS' COLLECTIVE COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiffs Heather Markle ("Named Plaintiff Markle") and Teresa Wheeler ("Named Plaintiff Wheeler") (collectively "Named Plaintiffs"), individually and on behalf of others similarly situated, file their Complaint against Defendant Senior Village Management, LLC d/b/a StoryPoint Group ("SP Group" or "Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated,

hereby state as follows:

## I.      JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Michigan, Defendant conduct substantial business in the Eastern District of Michigan, and Defendant is subject to personal jurisdiction here because Defendant's principal place of business is in the Eastern District of Michigan.

## II.     PARTIES

### A.      Named Plaintiff Markle

3.      Named Plaintiff Markle is an individual, a United States citizen, and a resident of the State of Michigan.

4.      Named Plaintiff Markle was employed by Defendant from approximately December 2021 until April 2023.

5.      Named Plaintiff Markle was employed as an hourly, non-exempt direct care employee of Defendant as defined in the FLSA. Specifically, Named Plaintiff Markle was employed by Defendant as an hourly Caregiver and Lead Caregiver at its StoryPoint Portage location in Portage, Michigan. During her employment, Named Plaintiff Markle worked forty (40) or more hours in one or more workweek(s).

**B.**     **Named Plaintiff Wheeler**

6.     Named Plaintiff Wheeler is an individual, a United States citizen, and a resident of the State of Michigan.

7.     Named Plaintiff Wheeler was employed by Defendant from approximately May 2022 until September 2022.

8.     Named Plaintiff Wheeler was employed as an hourly, non-exempt direct care employee of Defendant as defined in the FLSA. Specifically, Named Plaintiff Wheeler was employed by Defendant as an hourly Caregiver at its StoryPoint Rockford location in Rockford, Michigan. During her employment, Named Plaintiff Wheeler worked forty (40) or more hours in one or more workweek(s).

9.     Named Plaintiffs bring this action on behalf of themselves and other similarly situated employees, and they have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consent forms are attached hereto as **Exhibit A**.

**C.**     **Current Opt-In Plaintiffs**

10.     Named Plaintiffs also file completed Consent to Join forms for Christina Coin, Colleen Fleming, Brittani Campbell, JoNita Timberlake, Chantal Cox, Cynthia Clark, Alisa Pouliot, Shanekequa McKnight, Jessica Graham, Aqilah Campbell, Delilah Ponder, and India Johnson, attached hereto as **Exhibit B**. The

Current Opt-In Plaintiffs are similarly situated employees who worked at various facilities owned and operated by Defendant.

**D.   Defendant**

11.   Senior Village Management, LLC is a limited liability company that is registered in Michigan and transacts business under the assumed names of StoryPoint Group and StoryPoint Management.

12.   SP Group operates and conducts substantial business activities in Michigan, including in the Eastern District of Michigan.

13.   SP Group owns and operates a collection of senior housing communities throughout the United States, caring for over 6,000 seniors and families across nine (9) states at approximately ninety-four (94) locations.[1]

14.   SP Group has registered numerous other entities to manage and operate its business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

15.   Specifically, SP Group has organized five different "brands" of senior living communities across the country including StoryPoint Senior Living, Southwick Village Residential Living, Leisure Living Senior Communities,

---

[1] *See Our Story*, STORYPOINT SENIOR LIVING, https://www.storypoint.com/our-story/ (last visited June 20, 2023).

Independence Village Senior Living, and Danbury Senior Living.

16.     Defendant employed Named Plaintiffs and other similarly situated employees at its facilities; specifically, Defendant employed Named Plaintiff Markle at its StoryPoint Portage facility in Portage, Michigan, and Named Plaintiff Wheeler at its StoryPoint Rockford facility in Rockford, Michigan.

17.     Defendant has authority to and does hire and fire employees, supervises and controls the work schedules and conditions of employees, determines the rate and method of pay, and/or maintain employee records.

18.     Defendant has registered multiple business entities as part of its enterprise.

19.     Although Named Plaintiffs and similarly situated direct care employees are paid by one of Defendant's facilities, Defendant is their "employer" as that term is defined in the FLSA.

20.     At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiffs and similarly situated direct care employees at Defendant's facilities.

21.     At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiffs' and similarly situated direct care employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiffs and similarly situated direct care employees.

22.     Defendant suffered or permitted Named Plaintiffs and similarly situated direct care employees to perform work that resulted in missed or interrupted meal breaks even though it still deducted such time from its employees' work hours.

23.     Upon information and belief, Defendant primarily functions to operate a single group of senior living communities.

24.     Defendant has substantial control over Named Plaintiffs' and similarly situated direct care employees' working conditions and over the unlawful policies and practices alleged herein.

25.     Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all direct care employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages, overtime, meal break deductions, and timekeeping.

26.     Defendant is an "employer" of Named Plaintiffs and similarly situated direct care employees as that term is defined by the FLSA.

27.     Defendant has gross revenue that exceeds $500,000.00 per year.

28.     At all relevant times, Defendant suffered or permitted Named Plaintiffs and other similarly situated direct care employees to perform work that resulted in missed or interrupted meal breaks even though it still deducted such time from their work hours. The work that Named Plaintiffs and other similarly situated direct care

employees performed was for Defendant's benefit.

29.     At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

## III.   FACTS

30.     During all times relevant, Named Plaintiffs and Defendant's other similarly situated employees are hourly, non-exempt direct care employees who are entitled to overtime.

31.     Named Plaintiffs and other similarly situated direct care employees worked more than forty (40) hours in one or more workweek(s).

Meal Break Deduction Policy and/or Practice

32.     During their employment with Defendant, Named Plaintiffs and other similarly situated employees were not fully and properly paid for all overtime wages because Defendant required a 30-minute meal break deduction to their compensable hours worked even when Named Plaintiffs and other similarly situated direct care employees were unable to take a full, uninterrupted bona fide meal break of 30 minutes.

33.     When they attempted to take meal breaks, Defendant required Named Plaintiffs and other similarly situated direct care employees to clock out.

34.     If Named Plaintiffs and other similarly situated direct care employees

did not clock out of work for a meal break, Defendant often still applied a meal break deduction.

35.    Although Defendant required meal break deductions, Named Plaintiffs and other similarly situated direct care employees were often unable to take a full, uninterrupted bona fide meal breaks of 30 minutes or otherwise took shortened meal breaks because their breaks were interrupted with substantive job duties.

36.    Defendant's facilities were regularly understaffed, and Named Plaintiffs and other similarly situated direct care employees were often too busy with substantive work duties and patient care to take a full, 30-minute meal break even when clocked out of work.

37.    Defendant did not properly train Named Plaintiffs and other similarly situated direct care employees regarding bona fide meal periods.

38.    Defendant did not maintain a legitimate and reasonable policy and/or practice whereby Named Plaintiffs and other similarly situated direct care employees could report occasions when they did not have a bona fide meal break such that they would receive credit (i.e., compensation) for those missed/interrupted meal breaks.

39.    Consequently, 30-minute meal break deductions were taken from Defendant's hourly employees' hours worked regardless of whether Named Plaintiffs and other similarly situated employees received full, uninterrupted 30-minute bona fide meal breaks.

40.    As a result of Defendant's companywide policy and/or practice requiring a 30-minute meal break deduction from its hourly, non-exempt direct care employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendant knew or had reason to know that they were not compensating Named Plaintiffs and other similarly situated direct care employees for all hours worked.

41.    Named Plaintiffs and other similarly situated employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the meal break deduction, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) as a result of Defendant's deduction of thirty (30) minutes for meal breaks that were not taken or that were otherwise interrupted by work.

Short Rest Break Policy and/or Practice

42.    Defendant maintains a policy and/or practice of not compensating its hourly direct care employees for short breaks totaling twenty (20) minutes or less.

43.    Named Plaintiffs and Defendant's other similarly situated hourly direct care employees frequently clock out at the beginning of short breaks and clock back in at the end of such breaks. Defendant does not compensate its hourly employees for these short breaks.

44.    The FLSA's governing regulations state that "rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry," "must be counted as hours worked," and "may not be offset against other working time." 29 C.F.R. § 785.18.

45.    During the three (3) years preceding the filing of this Complaint, Defendant did not compensate Named Plaintiffs and other similarly situated hourly direct care employees for short rest breaks of twenty (20) minutes or less.

46.    As a result, Named Plaintiffs and other similarly situated hourly direct care employees were not paid for all overtime work performed because Defendant unlawfully deducted short rest breaks from their working time.

<u>Nondiscretionary Bonus Policy and/or Practice</u>

47.    Named Plaintiffs and Defendant's other hourly similarly situated direct care employees are non-exempt employees who are entitled to overtime.

48.    Defendant paid Named Plaintiffs and other similarly situated direct care employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

49.    In addition to the Base Hourly Wage, Defendant pays its employees with additional forms of remuneration, including but not limited to hazard pay, non-discretionary bonuses, and shift differentials, that must be included in the calculation of employees' regular rates of pay for overtime compensation (hereinafter collectively referred to as "Additional Remuneration").

50.     During the last three (3) years preceding the filing of this Complaint, Named Plaintiffs and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration in various workweeks when they worked in excess of forty (40) hours.

51.     Named Plaintiff and other similarly situated also employees received COVID-19 pay, a type of safety bonus and/or hazard pay.

52.     Incentive payments, such as hazard pay, are required to be included in Defendant's regular rate of pay calculations according to the United States Department of Labor.[2]

53.     When Defendant paid Named Plaintiffs and other similarly situated employees both their Base Hourly Wage as well as Additional Remuneration, Defendant failed to properly calculate its employees' regular rates of pay for purposes of overtime pay because Defendant did not include the Additional Remuneration in the regular rate calculations. Consequently, Defendant failed to

_____

[2] *COVID-19 and the Fair Labor Standards Act Questions and Answers*, U.S. DEP'T OF                                                                    LAB., https://www.dol.gov/agencies/whd/flsa/pandemic#25:~:text=Yes%2C%20payment s%20your%20employer%20provides%20you%20to%20perform%20work%20con stitute%20compensation%20for%20employment%20that%20must%20be%20inclu ded%20in%20the%20regular%20rate%2C%20subject%20to%20eight%20exclusio ns%20described%20in%20section%20207(e)%20of%20the%20FLSA.%20None%20 of%20those%20exclusions%20apply%20to%20the%20incentive%20payments%2 0described%20above. (last visited June 20, 2023) (*see* section 25 entitled ***Hazard Pay and Incentive Payments***).

properly compensate Named Plaintiffs and other similarly situated direct care employees the overtime wages that they were due in accordance with the requirements of the FLSA.

54.   Defendant's failure to compensate Named Plaintiffs and other similarly situated direct care employees, as set forth above, resulted in unpaid overtime.

55.   At all times relevant herein, Named Plaintiffs and other similarly situated direct care employees were employees as defined in the FLSA.

56.   Defendant is and has been an "employer" as that term is defined by the FLSA.

57.   During their employment with Defendant, Named Plaintiffs and others similarly situated regularly performed overtime work without proper compensation.

58.   During relevant times, Defendant suffered or permitted Named Plaintiffs and those similarly situated employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiffs and all other similarly situated direct care employees.

59.   Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

60.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiffs and others similarly situated worked overtime without compensation for all overtime hours worked.

61.     Defendant is in possession and control of necessary documents and information from which Named Plaintiffs would be able to calculate damages and/or it otherwise failed to keep such records.

## IV.     FLSA COLLECTIVE ALLEGATIONS

62.     Named Plaintiffs bring their FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt direct care employees[3] of Defendant outside Ohio who were paid for at least forty (40) hours of work in any workweek that they (i) clocked out of work for a meal break or had a meal break deduction applied to their hours worked; (ii) clocked out and back in for at least one short rest break lasting 20 minutes or fewer; and/or (iii) received additional renumeration on top of their base hourly pay, beginning November 9, 2019 and continuing through the final disposition of this case**

---

[3] "Direct care employees" includes all hourly employees providing patient care, including but not limited to Caregivers, Licensed Practical Nurses, Registered Nurses, therapists, therapist assistants, medical assistants, and aides.

**(hereinafter the "FLSA Collective" or "FLSA Collective Members").**

63.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

64.     In addition to Named Plaintiffs, the putative FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiffs and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

65.     The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

66.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiffs and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiffs and the FLSA Collective Members.

## V.     CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

67.     All of the preceding paragraphs are realleged as if fully rewritten herein.

68.     This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective.

69.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

70.     During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiffs and the FLSA Collective Members.

71.     Named Plaintiffs and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

72.     Defendant violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek

because of Defendant's policies and/or practices described herein.

73.    Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

74.    Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

75.    Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Collective Members are entitled.

76.    The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

77.    As a direct and proximate result of Defendant's conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on

behalf of themselves and the FLSA Collective Members.

## VII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, as to Count I, Named Plaintiffs request judgment against Defendant and for an Order:

A.     Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.     Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiffs and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C.     Awarding to Named Plaintiffs and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D.     Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E.     Awarding to Named Plaintiffs and the FLSA Collective Members such other and further relief as the Court deems just and proper;

F.     Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through

investigation and discovery; and

G.     Rendering a judgment against Defendant for all damages, relief, or any

other recovery as the Court deems just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiffs and those similarly situated.*

## <u>JURY DEMAND</u>

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman